UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| In re: | Case Number: 14-11862-13 |
| RYAN THOMAS BECHARD, | |
| Debtor. | |
| | |
| JEFFREY J. PETERSON and GREGORY J. FORSTER, | Adversary Number: 14-76 |
| Plaintiffs, | |
| v. | |
| RYAN THOMAS BECHARD, | |
| Defendant. | |

---

**DECISION**

The Debtor was a defendant in litigation pending in the Buffalo County Circuit Court concerning a business relationship between the Debtor and the Plaintiffs ("State Court Action"). The Plaintiffs allege the relationship was a partnership; the Debtor denies that allegation. After filing bankruptcy, the Debtor removed the State Court Action to the Bankruptcy Court, thereby initiating this adversary proceeding. Jeffrey Peterson and Gregg Forster, the plaintiffs in the State Court Action ("Plaintiffs"), seek abstention and remand. For the reasons that follow, the Court will ABSTAIN from the adversary proceeding and REMAND it to the Buffalo County Circuit Court.

## JURISDICTION

The federal district courts have "original and exclusive jurisdiction" over all cases under title 11 ("Bankruptcy Code" or "Code") and "original but not exclusive jurisdiction" over all civil proceedings that arise under the Bankruptcy Code or that arise in or are related to cases under the Code. 28 U.S.C. §§ 1334(a)-(b). The district courts may, however, refer such cases to the bankruptcy judges within their district. In the Western District of Wisconsin, the district court has made such a reference. *See* Western District of Wisconsin Administrative Order 161 (July 12, 1984). Accordingly, this Court "may hear and determine all cases under title 11 and all core proceedings under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1).

Bankruptcy courts determine whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3). Because the decision whether to abstain or remand a case is an important matter concerning the administration of the bankruptcy case, it is appropriate to regard it as a core proceeding even if the substance of the removed State Court Action is clearly a non-core proceeding. 28 U.S.C. § 157(b)(2)(A). Moreover, Congress has granted the bankruptcy court the discretion to abstain and remand. 28 U.S.C. §§ 1334(c)(1); 1341(c), (d).

As such, this Court has both the jurisdiction and the authority to enter a final judgment on the issues of abstention, remand, and relief from stay.

**FACTS AND PROCEDURAL HISTORY**

On April 2, 2014, the Plaintiffs commenced a lawsuit against the Debtor in Buffalo County Circuit Court. The complaint alleges the Plaintiffs and the Debtor were partners in a domestic partnership called Oil Press Co., or the Oil Press Company, with a principal place of business in Mondovi, Wisconsin. The primary purpose of the partnership "was to manufacture, sell, and service what is known as the M70 Press and M70 Press equipment." The Plaintiffs and the Debtor became jointly liable on a $100,000 promissory note, opened a business bank account, and purchased real estate from which to operate. Acrimony developed between the Plaintiffs and the Debtor, and the lawsuit was subsequently filed. The Plaintiffs seek: 1) "An immediate injunction, preventing [the Debtor] from carrying on the business operations of the Oil Press Company, to prevent further damage to Plaintiffs and the partnership"; 2) "Dissolution of the partnership under Wis. Stats. § 178.27 [sic] (c). [sic] (d) and (f)"; and 3) "That an accounting and winding up of partnership affairs be ordered, pursuant to Wis. Stats. §§ 178.19 and 178.25(2)."

The Debtor filed a voluntary Chapter 13 proceeding on April 28, 2014. The Debtor's schedules reveal a variety of assets, including claims against the Plaintiffs, as well as "oil press technology." On May 16, 2014, the Plaintiffs filed a motion for relief from stay ("Stay Motion"). According to the Stay Motion, the Debtor's petition was filed two days before a motion hearing in the State Court Action at which it would be determined "whether a partnership exists under

Wisconsin law between Debtor and [the Plaintiffs], and for a temporary restraining order and preliminary injunction to prevent Debtor from causing further damage to [the Plaintiffs]."

The Debtor's initial attempt to remove the State Court Action was manifestly defective both in terms of its content and based on the fact that the Debtor failed to provide the proper means of notice and service to interested parties. After the Court brought the shortcomings in the Notice of Removal to the attention of the Debtor's attorney, the Debtor voluntarily withdrew the first Notice and filed a second, corrected version on June 5, 2014. The Court held a preliminary hearing on June 23, 2014, and ordered briefing on the issue of abstention and remand. Meanwhile, a final hearing was scheduled for July 30, 2014, on the Plaintiff's Stay Motion.

## ARGUMENTS

The Debtor makes a number of arguments that range in coherence and quality from vague to nonsensical to suspicious. His 14-page brief contains a host of factual allegations that are all rooted in the same general positions: because the Debtor denies the existence of a partnership, if the State Court Action is permitted to proceed in state court, his ability to reorganize will somehow be hampered, and, therefore, this Court must presume certain assets are property of the estate and exercise its "exclusive" jurisdiction over them.

The essence of the Plaintiffs' position is comparatively simple: because the State Court Action exclusively concerns issues of state law, and contains

no issues of federal law of any kind, it should be resolved by the Buffalo County Circuit Court in which it was filed.

## STATEMENT OF LAW

### Abstention

There are circumstances in which a federal court must abstain from hearing a case. 28 U.S.C. § 1334(c)(2). That provision has been distilled by courts into discrete elements: 1) there must be a timely motion for abstention; 2) the removed proceeding must be based upon a state-law claim or state-law cause of action; 3) the proceeding must be a non-core but "related to" proceeding; 4) the action could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334; and 5) an action has been commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *Ocwen Loan Servicing, LLC v. AIG Fed. Savings Bank (In re Laddusire)*, 494 B.R. 383, 392 (Bankr. W.D. Wis. 2013) (citing *Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006); *Taub v. Taub (In re Taub)*, 413 B.R. 69, 75 (Bankr. E.D.N.Y. 2009); *Eaton v. Taskin, Inc.*, No. 07-3056, 2007 WL 2700554, at *3 (C.D. Ill. July 20, 2007)). If each of these elements is satisfied, the Court is required to abstain. In the present case, however, no motion for mandatory abstention has been made. As a result, the Court cannot consider whether mandatory abstention is appropriate. *See, e.g.*, *Bricker v. Martin*, 348 B.R. 28, 33 (W.D. Pa. 2006) (citing *Woods v. Passodelis (In re Passodelis)*, 234 B.R. 52, 64 (Bankr. W.D. Pa. 1999)).

In the alternative, under 28 U.S.C. § 1334(c)(1), the Court may choose to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." This discretionary authority is known as "permissive" abstention and may be exercised by the Court *sua sponte*. *See, e.g., In re Gen-Air Plumbing & Remodeling, Inc.*, 208 B.R. 426, 433 (Bankr. N.D. Ill. 1997) (citing *Pustell v. Lynn Pub. Sch.*, 18 F.3d 50, 51 n.1 (1st Cir. 1994)). In considering whether to exercise this discretionary authority, the Court is mindful that "[a]bstention is but a narrow exception to the exercise of federal jurisdiction." *In re Chicago, M. & St. P. & Pac. R.R.*, 6 F.3d 1184, 1194 (7th Cir. 1993). In prior decisions, this Court has recognized a non-exclusive, twelve-item list of factors that courts have considered when determining whether to exercise their discretion to abstain from a pending matter. Those factors are:

1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

2) the extent to which state law issues predominate over bankruptcy issues;

3) the difficulty or unsettled nature of applicable law;

4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;

5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7)     the substance rather than the form of an asserted "core" proceeding;

8)     the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9)     the burden of [the bankruptcy court's] docket;

10)     the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11)     the existence of a right to a jury trial;

12)     the presence in the proceeding of nondebtor parties.

*In re Laddusire*, 494 B.R. 383, 392 (Bankr. W.D. Wis. 2013) (citing *In re Chicago, M. & St. P. & Pac. R.R.*, 6 F.3d at 1189). This Court has previously noted that these considerations should be applied flexibly to the particular facts of each case. *Id.* (citations omitted). Further, it has held that while no one factor is determinative, "because section 1334(c)(1) is concerned with comity and respect for state law, whether a case involves unsettled issues of state law is always significant." *Id.* (citations omitted).

Remand

Once removed, a claim or cause of action can be remanded on "any equitable ground." 28 U.S.C. § 1452(b). "Equitable" in this context has been interpreted to mean "that which is reasonable, fair, or appropriate." *Things Remembered v. Petrarca*, 516 U.S. 124, 128-29, 116 S. Ct. 494, 133 L. Ed. 2d 461 (1995). When the basis for removal is, as here, simply based on a debtor's

bankruptcy filing, there is a liberal approach to bankruptcy remands. *Cargill, Inc. v. Man Fin., Inc. (In re Refco, Inc.)*, 354 B.R. 515, 520 (B.A.P. 8th Cir. 2006).

## DISCUSSION

### Abstention

As an initial matter, the Court rejects the Debtor's contention that the State Court Action is a core proceeding under any of the three provisions cited in the Notice of Removal.[1] The Court of Appeals for the Seventh Circuit has explained that "[c]ore proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). In other words, "[a] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).

By comparison, a proceeding is non-core if it "does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy." *Id.* Such a proceeding "may be related to the

---

[1] The Notice of Removal asserts that the State Court Action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(E), and 157(b)(2)(O).

bankruptcy because of its potential effect, but . . . it is . . . [a] non-core proceeding." *Id.* Bankruptcy courts may determine whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3).

The State Court Action did not arise under title 11, or in a case under title 11. It commenced as a state-law claim before the bankruptcy petition was filed. Further, the only connection between the State Court Action and the bankruptcy proceeding is the fact the Debtor filed bankruptcy, and if it is determined there was not a partnership, that there may be property of the estate subject to administration. *See, e.g., In re Laddusire*, 494 B.R. at 389 (citing *Schmid v. Bank of America, N.A., et al. (In re Schmid)*, 494 B.R. 737, 744-46 (Bankr. W.D. Wis. 2013); *Rinaldi v. HSBC Bank USA, N.A. (In re Rinaldi)*, 487 B.R. 516, 524 (Bankr. E.D. Wis. 2013)). As such, this Court concludes that the State Court Action is a non-core proceeding that is merely related to the bankruptcy case.

The Court also notes that its constitutional authority to finally adjudicate the issues in the State Court Action was called into doubt by the United States Supreme Court's decision in *Stern v. Marshall. Stern v. Marshall,* __ U.S. __, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), *reh'g denied,* __ U.S. __, 132 S. Ct. 56, 180 L. Ed. 2d 924 (2011). Among others, one impact of *Stern* has been that "where a claim is founded on a 'state law action independent of the federal bankruptcy law,' based on private rather than public rights, and 'not necessarily resolvable by a ruling on the creditor's proof of claim in

9

bankruptcy,' it cannot be finally determined by an Article I bankruptcy judge." *Condon Oil Co. v. Wood (In re Wood)*, 503 B.R. 705, 709 (Bankr. W.D. Wis. 2013) (quoting *Stern*). The Supreme Court's more recent decision in *Exec. Benefits Ins. Agency v. Arkison* clarified that while bankruptcy courts cannot enter final judgment on so-called *Stern* claims, they may enter proposed findings of fact and conclusions of law to be reviewed de novo by the district court. 134 S. Ct. 2165, 2173, 189 L. Ed. 2d 83 (U.S. 2014). There is no question that the claims are state law claims based on private rights.

With these considerations in mind, the Court turns to the twelve considerations for permissive abstention. With respect to the first factor, it is clear that there would likely be a beneficial effect on the efficiency of the administration of the Debtor's bankruptcy estate if the Court abstained. Because the State Court Action is merely a non-core, "related-to" proceeding, this Court is constrained in its ability to enter final judgment. Instead, after a period of discovery, motions for summary judgment and, possibly, a trial, this Court would enter proposed findings of fact and conclusions of law that would then have to be reviewed *de novo* by the district court. This adds a procedural layer to the parties' dispute that would not exist if the matter were tried in a state court with jurisdiction. The result if the matter were tried as an adversary proceeding would be an unnecessary delay in finalizing whatever claims the Plaintiffs may or may not have against the Debtor. Accordingly, this factor weighs in favor of abstention.

The second factor—whether state law issues predominate over bankruptcy issues—also weighs in favor of abstention. As noted, the State Court Action exclusively features state law claims and defenses. The Debtor even admits as much in his brief, where he explains that "Wisconsin Statutes Chapter 178 provides the framework for determination of the issues before this Court." Indeed, as the Debtor essentially concedes, the only bankruptcy connection is the fact that the Debtor filed bankruptcy while the State Court Action was pending in the Buffalo County Circuit Court. Besides the possibility that the Plaintiffs may have a claim against the Debtor as a result of the State Court Action, the matter presents no questions of bankruptcy law.

The third factor—whether the State Court Action involves difficult or unsettled questions of law—also weighs in favor of abstention. The Court is aware that there is an extensive, well-settled body of partnership law in Wisconsin with which the state courts are intimately familiar. In fact, because the questions of law in the State Court Action are exclusively questions of state law, the Buffalo County Circuit Court is the appropriate court to adjudicate them.

The fourth factor has little, if any, effect on the analysis. The State Court Action was ongoing in the Buffalo County Circuit Court until it was removed by the Debtor, at which time the state court closed the case. Upon remand, the case can readily be reopened.

The fifth factor weighs in favor of abstention. But for the Debtor's bankruptcy, there would be no apparent basis to bring the State Court Action in a federal court. The Debtor readily concedes that there is no independent basis for federal jurisdiction. There is neither diversity jurisdiction—all of the parties are residents of Wisconsin—nor federal question jurisdiction—all of the claims are state law claims.

With respect to the sixth factor, the State Court Action is merely tangentially related to the main bankruptcy case. It implicates a potential contingent claim against the bankruptcy estate only insofar as the Plaintiffs seek a winding up of the partnership. If it is determined there was a partnership and a winding up is ordered, then whatever interest the Debtor may have in the partnership would become property of the estate. If, in that process, the state court determines that there are amounts owed to the partnership by the Debtor, then those amounts could form the basis for a claim in the Debtor's bankruptcy. On the other hand, if it is determined no partnership exists, then the state court can determine the interests of the parties in property, and leave the property determined to belong to the Debtor to be administered in a bankruptcy. The other two of the Plaintiffs' claims appear unlikely to affect the bankruptcy estate in any meaningful way. This factor weighs in favor of abstention.

With respect to the seventh factor, the Debtor asserts that the State Court Action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(a),

(b)(2)(E), and (b)(2)(O). This is plainly incorrect. The removal of the State Court Action to the bankruptcy court is simply a procedural vehicle to litigate rights that are not only clearly created by state law, but also have no substantive anchor in the Bankruptcy Code. As such, as described above, the removed State Court Action is clearly a non-core proceeding. Accordingly, this factor weighs in favor of abstention.

The eighth factor weighs in favor of abstention as well. The only potential "core" claim is whether the Plaintiffs hold a potential claim against the Debtor. Any such claim is inextricably intertwined with the other claims presented in the purely state court claims. It is entirely feasible for the state court to enter judgment on all of the state law claims and allow the Plaintiffs to bring any resulting claim against the bankruptcy estate afterwards.

The ninth factor—the burden on the bankruptcy court's docket—weighs in favor of abstention as well. It would make little sense to administer the State Court Action as an adversary proceeding, only to enter proposed findings and conclusions of law for *de novo* review by the district court, when the Buffalo County Circuit Court clearly has the jurisdiction and the authority to finally adjudicate the claims. In the absence of any shred of justification for proceeding in bankruptcy court, it would be counterproductive and inefficient to permit this adversary proceeding to remain on a docket that is full of cases that *must* be determined by this Court.

On the basis of the record before the Court, the tenth factor, involving the likelihood of forum shopping by the Debtor, is neutral. Incredibly, the Debtor's brief insinuates that the purpose of the removal of the State Court Action was to prevent that action from proceeding, out of fear that an injunction would impede the Debtor's ability to support his family and other obligations. Removing the matter to federal court does not alleviate the threat that the Debtor would lose the State Court Action on the merits; it merely delays the litigation of those merits and attempts to shift the adjudication to another forum. As this Court has instructed Attorney Nora on numerous occasions, it is constrained by specific jurisdictional and constitutional limits and will abstain from hearing matters to avoid violating those limits.  Counsel's repeated disregard of these instructions leaves questions in the Court's mind as to the genuineness of the jurisdictional arguments made by Attorney Nora. The Court declines to speculate on this matter further.

The eleventh factor—the Debtor's right to a jury trial—would also weigh in favor of remand. The record of the State Court Action indicates that the Debtor demanded a trial by jury in the Buffalo County Circuit Court. In his brief, the Debtor asserts that this Court may conduct a jury trial on the issues presented in the State Court Action. However, neither party has filed the statement required by Bankruptcy Rule 9015(b) acceding to or indicating a desire for a jury trial before the bankruptcy court. Moreover, this Court has not been specially designated to conduct the jury trial as required by the same

rule. A party demanding a trial by jury must comply with both the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure in order to preserve that right in bankruptcy. *See, e.g., J.P. Morgan Partners v. Kelley (In re HA-LO Indus.)*, 326 B.R. 116, 121 (Bankr. N.D. Ill. 2005). It is plain that the Debtor has failed to comply with these requirements. Further, the state of the law in this Circuit is clear that this Court may not conduct jury trials. On the basis of the record, therefore, this factor also weighs in favor of remand.

The twelfth factor—the presence of nondebtor parties—has a neutral effect on the abstention analysis.

In sum, the Debtor has removed a State Court Action, which by his own admission exclusively features issues of state law, to the bankruptcy court, which has neither the jurisdiction nor the constitutional authority to enter final judgment on any of the issues. Although abstention is a "narrow exception to the exercise of federal jurisdiction," it is entirely appropriate when the underlying claims are merely non-core, related-to proceedings and the only basis for jurisdiction is the coincidence of an ongoing bankruptcy case. Nearly every factor weighs in favor of abstention; none weigh in favor of hearing the case in this Court. Accordingly, the Court will abstain pursuant to 28 U.S.C. § 1334(c)(1). Moreover, based on considerations of judicial economy, comity, respect for the decision-making capabilities of the state court, and the

predominance of state-law issues, this Court remands the case to the Buffalo County Circuit Court under 28 U.S.C. § 1452(b).

## CONCLUSION

For the foregoing reasons, the Court will ABSTAIN from and REMAND the State Court Action.

A separate order consistent with this decision will be entered.

Dated: July 21, 2014

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge